In re T. A. McINTYRE & CO.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

No. 184.

1. TRUSTS (§ 372*) — CONVERSION — IDENTITY OF FUNDS — EVIDENCE — SUFFICIENCY.

Evidence *held* insufficient to identify funds as the proceeds of securities converted by bankrupt.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 372.*]

2. TRUSTS (§ 358*)—FOLLOWING TRUST FUNDS—IDENTITY.

To follow a converted trust fund, there must be some identification of the property sought to be charged with the trust fund.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 553; Dec. Dig. § 358.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of T. A. McIntyre & Co., bankrupts. Petition by Mary D. Grace to revise an order dismissing her claim to follow proceeds of converted securities. Order affirmed.

See, also, 181 Fed. 955.

Prior to April 7, 1908, the petitioner purchased through the bankrupts, who were stockbrokers, 200 shares of railroad stocks and paid for the same in full. On said April 7th, the bankrupts converted to their own use 100 shares of said stock and deposited the proceeds, amounting to $2,400, in the National Bank of Commerce of New York. On April 23, 1908, the bankrupts converted the remaining 100 shares of said stock and deposited the proceeds, amounting to $2,500, in the same bank account. Other persons also traced the proceeds of securities belonging to them and converted by the bankrupts into the account in the Bank of Commerce. Such proceeds, including the proceeds of the petitioner's shares, amounted to $28,096.42, and they were claimed to constitute trust funds traceable into such account. The balance of the bankrupts in the Bank of Commerce on April 24, 1908—the day of the failure—was $11,924.83, and the special master found that the claimants to the proceeds of converted securities, including the petitioner, were entitled to share this balance pro rata. The report of the master in this respect was confirmed by the District Court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bankrupts kept an account in the Corn Exchange Bank, New York, as well as in the Bank of Commerce. The balance to their credit in said bank at the time of the failure was $12,062.68. Prior thereto, on April 7, 1908, the bankrupts borrowed from said bank $35,000 and pledged certain securities as collateral thereto. On April 20, 1908, the bankrupts substituted a certified check for $20,000 drawn on their account in the Bank of Commerce in the place of a portion of said collateral. The Corn Exchange Bank collected the certified check and substituted therefor, as part collateral security, its own certificate of deposit for the same amount. After the failure the Corn Exchange Bank applied the proceeds of the certificate of deposit and the balance of the bankrupts' deposit account to the payment of said loan. This left a balance due on the loan of $1,909.91, and the bank held the remaining collateral securities, which were of much greater value than the amount of such balance. The petitioner sought to follow the proceeds of her converted securities into this collateral in the Corn Exchange Bank, as well as into said balance in the Bank of Commerce. The special master ruled that the petitioner had failed to identify the proceeds of her securities with said check for $20,000 or its proceeds, and dismissed her petition. The District Court confirmed such action, and the petitioner has brought this petition for revision.

W. J. Grace, for petitioner.

Irving L. Ernst and D. Raymond Cobb, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The District Judge, in confirming the master's report, said:

"The right of participation in the deposit account of McIntyre & Co. in the Bank of Commerce, granted to persons whose securities were never pledged to that institution—and the subject of objection ·by the trustees—is an extreme application of the doctrine of Knatchbull v. Hallett, 13 Ch. Div. 696, 36 Eng. Rep. 779, yet seems to me correct."

We think this statement well founded, and yet the petitioner here seeks to carry the doctrine of following trust funds far beyond anything attempted in the Bank of Commerce matter. Indeed, to follow the funds in the present case, the petitioner is bound to establish: (1) That the proceeds of her stock were deposited in the Bank of Commerce; (2) that they were included in the $20,000 certified check which went to the Corn Exchange Bank; (3) that they passed from the certified check into the certificate of deposit; (4) that they became a charge on the collateral which the application of the certificate of deposit to the loan released.

Without considering whether the petitioner, having shared in the balance in the Bank of Commerce upon the theory that the trust funds remained on deposit there, can now consistently claim to recover upon the theory that they were drawn out and went into the Corn Exchange Bank, it is sufficient to say that the proof wholly fails to identify the securities in question with the trust funds.

While the doctrine of following trust funds has been much extended in the modern decisions, there has never been a departure in the federal courts from the principle that there must be some identification of the property sought to be charged with the trust funds. But in the present case the proof fails to establish even the first step necessary to establish the petitioner's claim, viz., that the certified check embraced the trust funds. What proof there is would rather indicate that they were not included in it, and that the drawing and charging

185 F.—7

of such check was a special transaction, because the balance at the beginning and the end of the day when it was drawn and charged was the same. Moreover, we are unable to hold that the petitioner's failure in proof is helped out by any presumption of law. But if there was any inference that the check included trust funds, they certainly lost all possibility of identification when the check was collected and a certificate of deposit substituted in its place, and when the certificate of deposit was canceled and the amount thereof credited upon the note.

Giving due weight to all presumptions urged by the plaintiff, we find it impossible to trace the proceeds of the petitioner's shares into the securities in the Corn Exchange Bank released by the payment of the loan.

The order of the District Court is affirmed, with costs.