## In re ENNIS et al.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

### No. 190.

BANKRUPTCY (§ 140*)—TRUST PROPERTY—RECLAMATION—IDENTIFICATON.

A customer of a bankrupt firm of brokers, who deposited shares of stock with them, cannot reclaim shares of similar stock received by the trustee from banks with whom they had been deposited by the bankrupts as collateral, without in some way identifying them, or at least those that were pledged, as his own.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. § 140.*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Thomas A. Ennis and Charles F. Stoppani, bankrupts. Alexander C. Lassen petitions to revise an order of the District Court, and also appeals from said order. Affirmed.

The general nature of the proceedings involved in this appeal is stated in Matter of Ennis, Bamford, Petitioner, 187 Fed. 720, decided this day. The present appellant contended in such proceedings that he was the owner of 18 shares of Tennessee Coal & Iron stock, which were deposited with the bankrupts before their failure, and which he claimed to follow into the proceeds of stock embraced in the pledge to the Mechanics' Bank and exchanged by said bank for certain United States Steel bonds. Some of the bonds were sold by the Mechanics' Bank in the liquidation of its loan, and the remainder were turned over to the trustee. Other Tennessee Coal & Iron shares had been pledged by the bankrupts to the National Reserve Bank, and these shares were likewise exchanged for bonds, which, upon the liquidation of the loan to that bank, were also turned over to the trustee.

It was stipulated that the special master should consider the appellant's claim, not only as to the securities returned by the Mechanics' Bank, but also as to these returned by the Reserve Bank. The special master dismissed the appellant's claim, upon the ground that he had failed to identify the stock which he sought to reclaim, and this action was affirmed by the District Court.

Robert Stewart (R. G. Barclay, of counsel), for appellant.

Hays, Hershfield & Wolf (E. D. Hays, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is manifest at the outset that the appellant is unable to establish title to any specific certificates of stock or bonds which came into the hands of the trustee from the banks where they were hypothecated by the bankrupts, and his claim seems barred by the decision of this court in Re McIntyre, 181 Fed. 960, 962, 104 C. C. A. 424, 426, where it was said:

"We also concur in the conclusion of the District Judge that persons whose stock has been used by a bankrupt for his own purposes cannot establish title to specific certificates of stock, found after bankruptcy as collateral to some loan, unless they identify those certificates as representing the shares which the bankrupt took from the claimant."

Assuming, however, that the appellant, as he contends, is entitled to avail himself of the doctrine of following trust funds, the same result is reached. It is well settled, in the application of that doctrine, that some measure of identification is necessary. All that a claimant can follow into a bankrupt's estate, and recover from its trustee, are funds which he is able to trace into the estate. As this court said in the very recent case of Matter of McIntyre, 185 Fed. 96, decided February 14, 1911:

"While the doctrine of following trust funds has been much extended in modern decisions, there has never been a departure in the federal courts from the principle that there must be some identification of the property sought to be charged with the trust funds."

Now the most that can be said in favor of the appellant in this case is that there are in the hands of the trustee more than enough of the kind of securities claimed by him to cover his demand, and that no other person claims them. But there is no proof that the appellant's shares went into either the Mechanics' Bank or the Reserve Bank, and, consequently, no proof that they constitute any part of the securities held by the trustee. Nor does the doctrine of commingling funds help the appellant. It does not appear that the bankrupts at all times had

on hand stocks equal to the number of the appellant's shares. For all that appears in the record, the bankrupts may have converted appellant's shares long before the failure; may have been without any of such kind of stock, and may have afterwards bought for their own account the shares which were pledged to the banks. The appellant has, undoubtedly, a valid demand against the bankrupt estate; but he fails to follow and identify either trust funds or particular certificates.

The order of the District Court is affirmed, with costs.