In re A. D. MATTHEWS' SONS, Inc.

In re KUHN.

(Circuit Court of Appeals, Second Circuit.   December 12, 1916.)

No. 82.

**1. BANKRUPTCY ⟨key⟩303(1)—TRUST FUNDS—CLAIMANT.**

Complainant conducted a department in the store of the bankrupts, disposing of its goods under an agreement that the bankrupts should make collections and should account for such sums monthly. After bankruptcy, claimant asserted rights in the funds received by the trustee on the ground that the bankrupts had agreed to keep all moneys received from the sale of claimant's goods in a separate fund in trust for claimant. *Held,* that claimant had the burden of clearly tracing the proceeds of the sales of its goods into some specific fund or property in the hands of the trustee, and, where the evidence leaves the matter in doubt, it must be resolved in favor of the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458, 459; Dec. Dig. ⟨key⟩303(1).]

**2. BANKRUPTCY ⟨key⟩140(3)—TRUSTEES—RIGHTS OF—TRUST FUNDS.**

Where the bankrupts dissipated trust funds so received by withdrawing them from the account in which they were deposited, subsequent deposits to the credit of the same account cannot as against the trustee be considered as restoring the trust funds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. ⟨key⟩140(3).]

**3. BANKRUPTCY ⟨key⟩140(3)—TRUSTEES—RIGHTS OF.**

In such case, where claimant failed to show that the trust funds received by the bankrupts were deposited in any special account, being able only to show that such moneys were either deposited or kept as store cash, and there was no showing that any such funds passed to the trustee, claimant is not entitled to relief; cash not being traced by showing that it went into the general estate of the bankrupts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. ⟨key⟩140(3).]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of A. D. Matthews' Sons, Incorporated.   Petition by John J. Kuhn, trustee, to revise an order of the District Court.   Order reversed.

The bankrupts kept a department store wherein the Standard Fashion Company conducted a "department." The fashion company paid rent for floor space in the bankrupts' premises, and there sold its own goods, by its own clerks. The purchasing public bought (so far as it was informed) from the bankrupts. Cash sales went into the general funds of Matthews Company, if the sale price was C. O. D. the bankrupts collected, goods were charged to those who kept accounts with the bankrupts, and the latter received payment as for their own goods.

This relation lasted for some time, and there was evidence that until about three months before failure the bankrupts settled an account monthly with the fashion company, crediting sales and collections and charging rent and advances and expenses of various kinds—principally the wages of the clerks or salesmen working for the fashion company in the department so as aforesaid conducted in the bankrupts' store.

After adjudication the fashion company petitioned for an order on the trustee directing him to pay, out of the funds received by him from the bankrupts, the amount of sales by petitioner's department during the three months aforesaid (less usual rent and charges) upon the ground that (as pleaded) bankrupts had agreed "to keep all moneys received (from sale of petitioner's goods) in a separate fund in trust for the benefit of your petitioner (and) to account to your petitioner for all moneys received by" them.

An order was entered directing the trustee to make the payment prayed for; this proceeding was brought to review that order.

Jacob J. Lesser, of New York City, for trustee in bankruptcy.

James B. Sheehan, of New York City, for Standard Fashion Co.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). That Matthews & Co. agreed to keep the proceeds of fashion company's sales "in trust" for the latter's benefit we shall assume, but not decide.

[1] With such assumption made, the burden of proof was upon the fashion company to clearly trace the proceeds of said sales into "some specific fund or property" in the hands of the trustee in bankruptcy (In re McIntyre, 185 Fed. 96, 108 C. C. A. 543; In re Ennis, 187 Fed. 728, 109 C. C. A. 476; In re Brown, 193 Fed. 24, 113 C. C. A. 348, affirmed as Schuyler v. Littlefield, 232 U. S. 707, 34 Sup. Ct. 466, 58 L. Ed. 806; In re See, 209 Fed. 174, 126 C. C. A. 120); and if petitioner did not succeed in carrying that burden of identification, if the evidence left the matter in doubt, such doubt must be resolved in favor of the trustee (Schuyler v. Littlefield, supra, 232 U. S. at page 713, 34 Sup. Ct. 466, 58 L. Ed. 806).

The petitioner sought recovery of proceeds of all sales after January 31, 1915, and until April 26th, when bankruptcy supervened, and to that end alleged that all cash from sales in Matthews' store had been deposited in the Columbia Bank, though bankrupts had also an account with the Mechanics' Bank for the collection of checks. The proof was that cash received went to one of the two banks, or was kept in the store; and used for current expenses.

[2] On April 5th the account in Columbia Bank was overdrawn, and on March 10th the Mechanics' Bank had but $145.05 of bankrupts' money. If there had been any trust funds in either bank, they had therefore been dissipated except as to $145.05, nor can subsequent deposits to the credit of the same account be considered (per se) as restoring the trust. Schuyler v. Littlefield, supra; American Can Co. v. Williams, 178 Fed. 420, 101 C. C. A. 634.

[3] This reduces the petitioner's demand to such sale proceeds as went into the bank account after April 5th and March 10th, respectively, plus $145.05 in Mechanics' Bank. There is no proof whatever that any specific amounts of petitioner's money were kept in "store cash," much less that any such amounts passed into the trustee's possession.

But further there is no proof as to what bank or fund received any of petitioner's money; for all that appears it may all have been kept in the store, or all put in either bank. In other words, the most that petitioner can do toward bearing the burden of proof is to show that its

money was put 'in three funds, or some one or more of them; but when or in what proportions cannot be spelled out. Such evidence amounts to no more than showing that somewhere there was in bankrupts' possession or under its control, at all the times complained of, more cash or credits than petitioner now claims. This is not identification at all, nor is it tracing, for cash is never traced by showing that it went into the general estate; and the proof here goes no further. Let the order under review be reversed, with costs of this court.

⊗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.