### In re JARMULOWSKY et al.

### Petition of DUKAS.

#### (Circuit Court of Appeals, Second Circuit. November 12, 1919.)

#### No. 3.

BANKRUPTCY ⊚⇒140(3)—TRUST FUNDS APPLIED ON BANKRUPT'S INDEBTEDNESS NOT SO IDENTIFIED AS TO BE RECOVERABLE.

To entitle a depositor to recover the amount of checks deposited in an insolvent bank and uncollected on the date of its bankruptcy as a trust fund, he must identify and trace the proceeds into some fund or property which came into the hands of the trustee, and cannot so recover, where the checks had been deposited to the credit of bankrupt in other banks, which applied their proceeds on indebtedness of bankrupt to them.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry Jarmulowsky and Louis Jarmulowsky, bankrupts. On petition of Julius H. Dukas, trustee, to revise an order made on petition of one Attie. Reversed.

See, also, 249 Fed. 319, 161 C. C. A. 327, L. R. A. 1918E, 634; 258 Fed. 231, —— C. C. A. ——.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel F. Hyman, of New York City (Jacob J. Lesser, of New York City, of counsel), for petitioner.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. The bankrupts were private bankers against whom a petition in bankruptcy was filed May 11, 1917. On May 10th certain checks were deposited in bankrupts' bank by and to the credit of one Attie. On the same day these checks were by the bankrupts deposited in certain national banks and at the date of petition filed were not collected. Thus far the situation is identical with that presented in Re Jarmulowsky, 249 Fed. 319, 161 C. C. A. 327, L. R. A. 1918E, 634.

But the national banks having these checks for collection to the credit of the bankrupts were creditors of the bankrupts, and retained in discharge of the bankrupts' indebtedness to them all that the bankrupts had on deposit with them on May 11th. Therefore none of the proceeds of the checks in question ever came into the hands of the receiver or trustee. Attie filed petition to recover as a trust fund the amount of the checks deposited.

It was incumbent upon such petitioner to identify what he claimed and trace it into some specific fund or property in the hands of the representative of the estate in bankruptcy. This has not been done, and is just as necessary to recovery as is the establishment of the fact that the checks were the subject of a trust in Jarmulowsky's hands. In re Matthews' Sons, 238 Fed. 785, 151 C. C. A. 635, and cases cited.

The court below entered an order in favor of the petitioner; it was error so to do, and the order in question is reversed, with costs.