CHENAULT et al. v. BAAR.

No. 6276.

Circuit Court of Appeals, Fifth Circuit.

Jan. 6, 1932.

Alfred R. Kline and Robt. L. Shipp, both of Miami, Fla., for appellants.

Aaron M. Kanner, of Miami, Fla., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellants delivered to the bankrupt screen wire under a consignment contract which provided that the bankrupt was to keep in a separate account proceeds of sales of the wire, and remit such proceeds each week. The bankrupt sold some of the wire, but kept no separate account of the money realized from the sale of that wire, mingled that money with its general funds, and used those funds in paying for other goods bought and in paying for labor and materials furnished by the bankrupt to the Continental Construction Company. No cash or funds on hand came to the possession of the trustee in bankruptcy. The trustee realized $1,000 on the claim of the bankrupt against the Continental Construction Company. The appellants asserted a prior claim on so much of that sum so realized by the trustee as remained in the latter's hands at the time appellants' claim to priority was made. That claim to priority was disallowed.

The claim of priority is not sustainable on the ground that the money realized by the bankrupt from goods consigned by the ap-

pellants was traced into the payment for labor and materials furnished by the bankrupt to the Continental Construction Company, or into the sum realized by the trustee on the claim in favor of the bankrupt based on its furnishing that labor and material. The evidence did not show that the money paid to the bankrupt for appellants' consigned wire was taken out of the general funds with which it was commingled and used in paying for the labor and materials furnished to the Continental Construction Company, or that it was not used by the bankrupt in paying for other unidentified goods bought, and not shown to have come to the possession of the trustee. The evidence was not inconsistent with the conclusion that the money which the bankrupt held in trust for the appellants was used by the bankrupt in paying its debts or for unidentified property bought by it. The appellants did not show that they were entitled to all or part of the amount realized by the trustee for labor and materials paid for out of the general funds, because they failed to show that their own money then in the fund was used for that purpose. It appearing that the general funds with which money to which appellants were entitled were commingled were dissipated prior to bankruptcy, and the evidence not showing that that money went into the fund against which appellants' claim of priority was asserted, that claim of priority was properly disallowed. Peters v. Bain, 133 U. S. 670, 692, 10 S. Ct. 354, 33 L. Ed. 696; Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806; St. Louis & S. P. R. R. v. Spiller, 274 U. S. 304, 47 S. Ct. 635, 71 L. Ed. 1060; In re A. D. Matthews' Sons, Inc. (C. C. A.) 238 F. 785; 26 R. C. L. 1350.

The order or decree appealed from is affirmed.