## DIXON et al. v. HOPKINS.

No. 6214.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1932.

Eugene D. Saunders, of New Orleans, La., and Chas. F. Engle, of Natchez, Miss., for appellants.

Joseph W. Carroll, Azzo J. Plough, and Henry G. McCall, all of New Orleans, La., for appellee.

Before BRYAN, SIBLEY and HUTCH-ESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiffs, by petition of intervention, sought to charge an estate in the hands of a receiver with a preference claim for $26,125 as for moneys of their own held for them in trust by the Mortgage & Securities Company prior to receivership. This appeal is from

784

a decree adjudging the bill to be without equity and dismissing it.

No written opinion was filed, but from the briefs and arguments of the parties we learn that it was dismissed unler the influence of the view which appellee strongly urges us to take, that the bill does not allege that plaintiffs' funds, either in their identical or representative form, passed into the hands of the receiver. Appellee urges that the petition in its setting out of plaintiffs' claim to a specific fund wants in allegations essential to the statement of a trust relation as between plaintiffs and the Mortgage Company, and that it is especially wanting as to the receiver in the essential allegation that plaintiffs' moneys passed in some identifiable form into the receiver's hands.

■■ Disagreeing not at all with appellee's statement of principle that in order to impress funds in the hands of a receiver with a preference claim plaintiffs must allege and prove that the receiver is in possession of property identifiable as theirs, we cannot agree with it that, read as such bills ought to be, not minutely and critically, but broadly to discover the equities asserted, there is not enough in the petition to require the court to retain the bill for trial on its merits.

"The rule which prevails in courts of equity in disposing of motions to dismiss for want of equity on the face of the bill is to overrule the motion, and let the case go to hearing, unless it is absolutely clear that taking the allegations to be true, the bill must be dismissed at the hearing." Krouse v. Brevard Tannin Co. (C. C. A.) 249 F. 538; American Creosote Works v. Powell (C. C. A.) 298 F. 417, 422; Kansas v. Colorado, 185 U. S. 140, 22 S. Ct. 552, 46 L. Ed. 838.

Federal courts are inclined, without subjecting the bill to an overcritical or minute analysis, to allow a case in equity involving important matters to go to issue and proof where a doubtful question is raised by the pleadings. Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 F. 590, 592; American Creosote Works v. Powell, supra. The contentions made in, and the result of dismissing the bill in, this case before a hearing illustrate, we think, the wisdom of this rule.

Here is a case in which, beyond all question upon the allegations of the pleadings, good faith, and fair dealing, required the Mortgage & Securities Company to hold for and deliver to the City Bank, assignee of Dixon and Kellogg, the proceeds of the Dixon and Kellogg notes and their receiver to do

so, if those proceeds are identifiable in his hands.

■ It is the law, from which there is no substantial variation in the authorities, "that when one who is intrusted with the money of another invests it in property, the cestui qui trust may follow the fund, and, fixing upon the property the character of the original trust, may claim it as his own." Bank v. Weems, 69 Tex. 497, 6 S. W. 802, 805, 5 Am. St. Rep. 85. And this principle applies with equal force to a case where the trustee has mingled trust money with the mass of his other funds, so long as there remains on hand a sufficient sum to cover the amount of the trust money. Id. 69 Tex. 498, 6 S. W. 802, 5 Am. St. Rep. 85; Davis v. McNair (C. C. A.) 48 F.(2d) 494; Bryan v. Coconut Grove Bank & Trust Co. (Fla.) 132 So. 481; Oesterreicher v. McNair (D. C.) 54 F.(2d) 798. Of course, if the mingled fund is at any time wholly depleted by uses which do not permit its tracing into other property, the trust disappears. Schuyler v. Littlefield, 232 U. S. 710, 34 S. Ct. 466, 58 L. Ed. 806, and authorities supra, and it will not avail the cestui that his moneys have gone to discharge debts of the trustee. For "the true rule is that the trust estate must be clearly traced into other specific property, in order that the cestui que trust may claim either the property itself, or a lien upon it." Bank v. Weems, supra, 69 Tex. 499, 6 S. W. 802, 5 Am. St. Rep. 85; C. C. Chenault v. S. L. Baar, Trustee (C. C. A.) 54 F.(2d) 921; St. Louis & S. F. R. R. v. Spiller, 274 U. S. 311, 47 S. Ct. 635, 71 L. Ed. 1060.

■ Appellants in argument here say that their case, like those of Davis and Oesterreicher, supra, is one where specific funds belonging to and held for them by their trustee, not dissipated or done away with, have passed, though commingled with others, in still identifiable form, into the hands of the receiver charged with the trust which characterized them in the hands of the Mortgage Company, and that, though the complaint might have been more specifically and artfully laid, it does in substance declare upon these facts.

We think appellants are right, for, while it is true that the original petition does not do so, it is equally true that the amended petition does clearly enough set down that there was an agreement between plaintiffs and the Mortgage & Securities Company that the proceeds of the loan secured upon the notes and mortgage should be held in trust by that Company until the completion of the

building for which the money had been secured, and then paid over to the petitioner bank pursuant to an assignment of those proceeds made by Dixon and Kellogg to the bank and accepted by the Company. That on the 3d of August the building had been completed, the payment over of the trust funds had become due, and that, though on that date that company had the funds on hand, it failed to pay them over upon demand. That when the receivership was ordered on August 8, 1929 there were on hand, including the property and funds of petitioners, assets to the extent of over $150,000.

It is true there is no allegation specifying the form assumed by the funds for which petitioners sue, that is, whether they are represented by cash or by property, and what property; nor is there any setting out in precise words that they can be traced into and identified in the hands of the receiver. We do not think that the absence of such specific allegations is fatal to the bill, for viewed not critically, but fairly, we think it is susceptible of the construction that plaintiffs are in general terms so alleging, and so susceptible, it is sufficient against the motion to dismiss.

It is also true that when it comes to the proofs plaintiffs may not recover if they fail to show that there was an agreement to hold these funds in trust; if the proof shows but a mere agreement for a loan to be paid over as any other loan funds are; or if it shows an agreement fixing a trust upon the funds, but fails to show that the funds, the proceeds of the loan, either in their identical form or in a traceable substituted form, were in the hands of the Mortgage Company at the time of the receivership, and so passed into the hands of the receiver, as it is true that proof alone that at one time the Mortgage Company held funds in trust, and mingled them with other assets without proof identifying the funds or assets with which they were mingled and the condition of those funds or assets when they passed into the hands of the receiver, will not suffice. Notwithstanding these truisms, we think that the petition, though it sets them out inartificially and too broadly, permits of the construction that it sets out a state of facts, proof of which would entitle petitioners to relief. The judgment dismissing the petition for want of equity is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.