**SPURWAY v. KELLOGG.**

**SAME v. E. CULVER & CO.**

Nos. 6525, 6772.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1933.

Rehearing Denied April 1, 1933.

Charles R. Pierce, of Miami, Fla., for appellant.

Otto C. Stegemann, of Miami, Fla., for appellee Kellogg.

Frank E. Bryant, of Miami, Fla., for appellee E. Culver & Co.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

These are appeals from decrees in separate suits charging the funds of the bank in the hands of the receiver with a trust to pay moneys collected by the bank for appellees. In immaterial details only are these cases different; as concerns the substance of the right claimed and the question presented, they are the same. That question is whether the owner of moneys collected by a failed bank as agent and deposited by it to its credit in a particular depository, may, because the funds in that depository have been exhausted or dissipated by application to the debts of the bank, so that none of them pass to the receiver, assert an equitable charge for their payment on the general moneys and funds of the bank coming into the receiver's hands.

Appellee Pauline Kellogg and Cornelia Sutton, the assignor of appellee Culver, not being depositors of the City National Bank and having no relation with it except that arising out of the collection of the drafts hereinafter stated, each having a draft for collection, the one on a Michigan bank for $1,119, the other on a Canadian bank for $500, each delivered her draft to the City National Bank in Miami for collection and payment to her of the returns. The Kellogg draft was sent to the Michigan bank with directions to pay it by sending draft to the Chemical Bank &

Trust Company; the Sutton draft was sent direct to the Chemical Bank with directions to collect and place it to the credit there of the Miami bank. Both drafts were collected by the Chemical Bank, their proceeds placed to the credit with it of the Miami bank, and notice of the credits sent. The notice of the collection and credit of the Michigan draft, though sent on December 2 was not received by the Miami bank until December 19 or 20, just before it closed. The notice of the credit of the Canadian draft was not received until after it closed. On December 20, when, after a full day of banking, the Miami bank closed its doors not to reopen, the Chemical Bank & Trust Company was the owner of a certificate of deposit on the Miami bank for $350,000 and the Miami bank had on deposit with it $67,000, made up, among other funds, of the two checks to recover which appellees have sued. On December 22 the Chemical Bank effected an offset by seizing the deposit of the City National Bank with it. This left the Miami bank debtor to it in the sum of $283,246. When the receiver took over the assets of the City National Bank, though he took over in its vaults cash in excess of the amounts it had collected on the two items, the funds it had had in the Chemical Bank did not come into his hands. They had been exhausted by the offset which had been made to pay the debts of the Miami bank.

■ We mention but to reject as immaterial the conversation appellee Kellogg testified she had with an officer of the Miami bank, in the course of which he offered to pay her the actual amount collected. This was rejected by her because the amount was some few dollars short of the amount of her draft. Whether this conversation did or did not occur is without importance. The bank did not pay her, nor did it segregate or set apart any specific fund for her use. The situation as to her legal rights was unaffected by the conversation. Blakey v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 76 L. Ed. 1089.

■ On these facts it is the claim of appellees that they have traced the proceeds of their drafts into the vaults of the bank, and that, cash in those vaults more than sufficient to pay their claims having come into the receiver's hands, they should have a trust fixed thereon.

It is the claim of appellant that, while there has indeed been a tracing of appellees' funds, they have been traced, not into the vaults of the Miami bank, but to New York into the deposit account the bank had there with the Chemical Bank; that those funds, as far as the bank and its receiver are concerned, were dissipated in paying the bank's debts; that that res has not, nor has any substantial res representing it to which appellees' claims may equitably attach, come into the receiver's hands.

The District Judge rejected appellant's contentions. We think he was wrong. It is certainly true that appellees have established that their funds did result generally in augmenting the assets of the bank. It is also true that they traced their funds into funds of the bank standing, before it failed, to its credit with the Chemical Bank & Trust Company. It is, however, further true that these funds so traced were dissipated in paying the debts of the bank to the New York bank, and that none of them came into the receiver's hands. Under these circumstances, appellees' suits fail, not because they did not establish that the bank collected these moneys as agent and not as debtor and wrongfully misused them, but because their traced funds, having been dissipated in payment of the bank's debts, cannot be traced so as to fix them as a charge upon any res in the receiver's hands. Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806; Myers v. Matusek, 98 Fla. 1126, 125 So. 360; Dixon v. Hopkins (C. C. A.) 56 F.(2d) 783; Chenault v. Baar (C. C. A.) 54 F.(2d) 921.

The judgment is reversed, and the cause remanded, with directions to dismiss the bill, without prejudice, however, to the right of appellees to establish their claims as general creditors.