## KELLEY v. DOEPKE.

### No. 6825.

Circuit Court of Appeals, Fifth Circuit.
March 9, 1933.

H. C. Tillman, of Tampa, Fla., for appellant.

Donald C. McMullen, of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff's suit was to trace into funds coming into the hands of the receiver $2,200 collected for him by the bank, and fix a trust on those funds. It failed below because the District Judge thought plaintiff had not traced his moneys into the receiver's hands.

We think the District Judge was right. The facts are stipulated. They are: In payment of a note and mortgage which appellant had left, for collection only, with the First National Bank of Avon Park, one Greenblatt gave the bank his personal check for $2,200 on the Highland Bank & Trust Company. The bank issued its receipt reciting that the funds, when received on the check, were to be used in payment of appellant's note and mortgage. This check, along with numerous other checks aggregating $6,627.21, was sent to the Florida National Bank as a cash item; that bank on February 5, without notice of the trust character of the check, credited the Avon bank with it, and in due course collected it and held the proceeds as a part of the regular deposit account of the Avon Bank with it. When the Avon bank closed on February 16, it owed the Florida bank $15,000 of bills payable secured by collateral of the face value of $30,469. The amount which it had on deposit, including the proceeds of the Greenblatt check, $4,607.57, the Florida bank offset against the secured indebtedness, and thereafter collected and realized out of the collateral it held a further sum, leaving a balance due by Avon, after all credits had been applied, of $2,912.67. The receiver, in an endeavor to realize on the supposed equity in the collateral, advanced this amount out of the general funds in his hands. The outturn established that the bank had no equity in it, for, after repaying to the general funds the $2,620.79 realized from the collateral, there was a loss to that fund of nearly $300.

It was agreed that the Avon bank had on hand in its vaults at all times after the receipt of the check and until its insolvency, cash in an amount more than $2,200, and that this cash came into the hands of the receiver.

It may not be questioned that the transaction with the bank resulted in the creation, not of a debtor and creditor, but of a trust relation between the bank and Kelley. The bank took the Greenblatt check, and the proceeds of it in the Florida bank were held there, in trust for Kelley. If Kelley can trace them into the receiver's hands, he can have them. Appellee concedes this.

Appellant's difficulty arises from the fact that the funds have been definitely traced into the Florida bank, where they were dissipated in paying Avon's obligation. It is true enough that the application of the funds into which his check was traced to the reduction of the secured indebtedness gave appellant the right to follow the funds into the collateral and charge it with his claim to the extent of Avon's equity. Bartholf v. Millett (C. C. A.) 22 F.(2d) 538. Unfortunately for appellant, the undisputed proof shows there was no equity to which his claim could attach; the value of the collateral failing by nearly $300 to pay the debt against it. Appellant finds himself in the position of tracing his moneys into a particular fund only to find that fund dissipated and gone. Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806; Dixon v. Hopkins (C. C. A.) 56 F.(2d) 783; Myers v. Matusek, 98 Fla. 1126, 125 So. 360; Spurway v. Kellogg (C. C. A.) 63 F.(2d) 883.

The judgment is affirmed.