## ARMOUR FERTILIZER WORKS v. SMITH.

### In re WALDEN.
### No. 7167.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1934.

Floyd W. Cunningham, of Booneville, Miss., for appellant.

W. C. Sweat, of Corinth, Miss., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant filed in the bankruptcy court a petition praying that appellee, as trustee of the bankrupt estate of H. L. Walden, be directed to pay over to it $2,410, that being the same amount of money which the bankrupt had fraudulently concealed from his creditors, but which the trustee had recovered before the petition was filed. The prayer of the petition was based on the theory that the amount thereby sought to be recovered was a part of funds which the bankrupt had collected and held in trust for appellant. It was denied on the ground that appellant had failed to trace that amount or any part thereof into any fund which the bankrupt held in trust for it. This appeal followed.

Walden, before becoming a bankrupt in December, 1932, for a number of years had been engaged in the general mercantile business at Booneville, Miss. For five or six years he had been purchasing fertilizer from appellant on credit, and had been selling it on credit to his customers, from whom he took notes representing the purchase price. These notes he indorsed over to appellant which returned them to him upon trust receipts for collection and remittance. During the year 1932 he collected on such notes in round numbers $4,200 and remitted $1,200. The balance of $3,000 he did not remit, but, contrary to his agreement with appellant, commingled with his own funds. He kept the funds which he had on hand from time to time without regard to the sources from which they came, some on deposit with a bank, some in a safety deposit box in another bank, and some in the safe in his own place of business; and without distinction between the places where the money was kept he made payments indiscriminately for merchandise, for clerk hire, and upon other debts. After Walden was adjudged a bankrupt, his mercantile business was sold for $3,410, and R. L. Long became the ostensible purchaser; but upon it being disclosed that Walden had furnished Long $2,410 with which to make the purchase, the sale was set aside and that amount was recovered by the trustee. It was shown without dispute that the $2,410 which Walden furnished Long to apply on the purchase price was taken by him out of the safety deposit box.

Appellant has therefore successfully traced the amount in dispute from the bankrupt's safety deposit box into the hands of the trustee. But it has signally failed to trace into the safety deposit box any money or proceeds which the bankrupt had collected upon the trust receipts. For aught that appears to the contrary, all the money collected in trust for appellant may have been placed by the bankrupt in the safe at his place of business, or deposited by him in bank, and paid out for merchandise, for clerk hire and cost of operations, or in satisfaction of his other debts. This being so, it follows as a necessary conclusion that appellant has failed to trace any trust funds to which it is entitled into the hands of the trustee in bankruptcy.

St. Louis, etc., R. R. Co. v. Spiller, 274 U. S. 304, 47 S. Ct. 635, 71 L. Ed. 1060; In re A. D. Matthews' Sons (C. C. A.) 238 F. 785; Chenault v. Baar (C. C. A.) 54 F.(2d) 921.

The order appealed from is affirmed.