## SMITH REDUCTION CORPORATION v. WILLIAMS.

(District Court, E. D. North Carolina. October 16, 1926.)

1. **Banks and banking** ⚖➡166(1)—**Where check given to pay draft left with bank for collection was used with other checks and cash to clear with other bank, owner of draft was not entitled to preference against bank's receiver.**

Where draft left by plaintiff with bank for collection was paid by check on another bank, which check, with others and cash, was used in clearing with other bank, *held* that, since check did not bring cash into bank, plaintiff was not entitled to have trust declared against bank's receiver therefor, but was entitled to rights of general creditor only.

2. **Banks and banking** ⚖➡166(1)—**Owner of draft left for collection held entitled to recover proceeds, without interest, without waiting settlement of estate, where bank's receiver admitted that proceeds as trust funds came into his possession.**

Where bank's receiver admitted that proceeds of collection of draft were in bank's vaults as trust funds when it failed, were part of assets in his hands, owner of draft was entitled to recover proceeds, without interest, and without being required to wait until estate was settled.

In Equity. Suit by the Smith Reduction Corporation against C. L. Williams, receiver of the Commercial National Bank. Decree for plaintiff.

Wright & Stevens, of Wilmington, N. C., for complainant.

J. O. Carr, and Rodgers & Rodgers, all of Wilmington, N. C., for defendant.

PARKER, Circuit Judge. This suit is instituted to recover of defendant, as receiver,

the proceeds of two collections made for complainant by the Commercial National Bank shortly before it closed its doors. The first collection was for $620, and was made December 23d; the second was for $1,240 and was made December 27th.

The following admission of record with regard to these collections was made by defendant: "For the purpose of this action the defendant admits that the funds received from the collection of both of the drafts above specified, being held by the Commercial National Bank for collection, were trust funds and remained such until the Commercial National Bank ceased to do business on the 29th day of December, 1922, and that the proceeds from the collection of the second above designated draft were in the vaults of the bank on the day of its failure, and are a part of the assets in the hands of the receiver, and may be recovered against the receiver as a preference."

[1] From this admission it appears that proceeds of the last collection ($1,240) were in the vaults of the bank on the day of its failure, and passed into the hands of the receiver. With respect to the first collection, the facts are undisputed. The Commercial National Bank received in payment of the draft which it held a check for $620, drawn against the Murchison National Bank. It used this check in the afternoon of December 23d, in effecting a clearance with the Murchison Bank. In this clearance the Murchison Bank held checks drawn on the Commercial amounting to $23,288.71, and the Commercial held checks drawn on the Murchison, including this $620 check, amounting to $11,868.70. The Commercial paid the checks held by the Murchison by delivering the $11,868.70 of checks which it held and paying $11,420.01 in cash to the Murchison.

With respect to the $620 item, this case is "on all fours" with the case of Bank of Ventura v. Williams (D. C.) 15 F.(2d) 585, decided at this term, and for the reasons stated in the opinion in that case, and upon the authority of the cases there cited, I think that the plaintiff has failed to trace into the hands of the receiver the proceeds of the $620 collection, or to show that the cash which came into the receiver's hands was augmented thereby. The $620 check did not bring cash into the bank; it was used to reduce the liabilities of the bank. Empire State Surety Co. v. Carroll County (C. C. A. 8th) 194 F. 593, 114 C. C. A. 435; American Can Co. v. Williams (C. C. A. 2d) 178 F. 420, 101 C. C. A. 634; City Bank v. Blackmore (C. C. A. 6th) 75 F. 771, 21 C. C. A. 514. Complainant is not entitled to have a trust declared on the cash in the hands of the receiver with respect to this $620, therefore, but is entitled to file with the receiver a proof of claim for that amount as a creditor of the bank.

[2] The collection for $1,240 stands upon a different footing. It is admitted of record that the proceeds of that collection were in the vaults of the bank when it failed, and that they passed into the hands of the receiver and are a part of the assets in his hands. This would not ordinarily justify the recovery of the proceeds of a collection as a trust fund, without a further finding that the bank was hopelessly insolvent to the knowledge of its officers at the time the collection was made. It is not necessary to go into the question of insolvency in this case, however, as defendant admits that the proceeds of the collection were held by the bank as trust funds. The case with respect to this $1,240 collection, therefore, is governed by the principles laid down in the opinion in the case of Poisson et al., Receivers, v. Williams (D. C.) 15 F. (2d) 582, decided at this term. Complainant is entitled to recover the $1,240, but is not entitled to interest. Merchants' Nat. Bk. v. School District (C. C. A. 9th) 94 F. 705, 36 C. C. A. 432; Guignon v. Helena First Nat. Bk., 22 Mont. 140, 55 P. 1051, 1097; 7 C. J. 626, note 76 (d); Hallett v. Fish (C. C.) 123 F. 201; Richardson v. Louisville Banking Company (C. C. A. 5th) 94 F. 442, 36 C. C. A. 307.

This leaves only one question in the case, whether complainant is entitled to be paid the $1,240 from the funds in the hands of the receiver now, or whether he must wait until the estate is settled, to see if other claims are asserted against the fund. I think complainant is entitled to the fund now. The receiver admits that it was in the vaults of the bank on the day of its failure, and is a part of the assets in the hands of the receiver now. I see no reason why he should continue to hold funds which admittedly belong to complainant. If the fact which he admits be true, claims made by other persons cannot affect complainant's rights.

A decree will be entered, finding that the cash which came into the hands of the defendant receiver was impressed with a trust in favor of complainant for the amount of the $1,240 collection, and directing that the receiver, from the cash in his hands, pay complainant the sum of $1,240, without interest. Complainant will be allowed to prove as a general creditor for the amount of the $620 collection.