## DUDLEY et al. v. RICHARDS.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1927.

No. 7601.

1. Banks and banking ⬅288—Depositor of bonds converted and pledged by bank held entitled to recover of receiver on trust fund theory only balance of proceeds. above pledgee's claim.

Plaintiff, who left bonds at a National bank for safe-keeping, cannot recover the value thereof of its receiver on the theory of a trust fund, because the bank delivered them with others to the state treasurer, to secure deposits made by him, and he, on receiver being appointed, sold all the bonds and from the proceeds. satisfied his claim, there being no augmentation thereby of the funds of the bank; but plaintiff can, on the trust fund theory, recover at most only the balance of the proceeds of the pledged bonds in excess of the treasurer's claim, which was by him paid and delivered to the receiver, and if some of the other pledged bonds belonged to other individuals, and were also converted by the bank, then plaintiff can recover only her pro rata of the balance.

2. Banks and banking ⬅288—Bank, converting and pledging bonds of depositor, cannot be assumed to have owned all others pledged.

National bank having converted bonds deposited with it for safe-keeping and pledged them with others, it cannot be assumed that all the other bonds belonged. to the bank, relative to the right of the special depositor to recover of the bank's receiver, as a trust fund, all the balance of the proceeds of the pledged bonds over and above the pledgee's claim.

Appeal from the District Court of the United States for the District of Kansas.

Action by Sarah A. Richards against A. M. Dudley, receiver of the Farmers' National Bank of Burlington, Kan., and another. From a decree for plaintiff, defendants appeal. Reversed and remanded.

Roscoe W. Graves, of Burlington, Kan. (O. T. Atherton, of Emporia, Kan., on the brief), for appellants.

P. E. Reeder, of Kansas City, Mo. (James B. McKay, of El Dorado, Kan., and F. E. Whitten and Miller, Winger & Reeder, all of Kansas City, Mo., on the brief), for appellee.

Before LEWIS and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. The Farmers' National Bank of Burlington, Kan., was a national banking corporation organized and created under the laws of the United States. May 21, 1924, the appellant Dudley was duly appointed receiver of and for said bank, and ever since said date has been, and now is, the duly appointed qualified and acting receiver thereof.

Appellee inherited $7,000, face value, in Liberty bonds registered in the name of one Louis Sumner Harriman; these bonds had been left by Harriman at the appellant bank under an oral agreement for safe-keeping. Later they were transmitted to the treasurer of the United States for the purpose of exchanging them for bonds of a like denomination registered in the name of appellee. An exchange was made for coupon bonds, not, however, registered in appellee's name. These bonds were mailed to the appellant bank on or about September 9, 1921. What occurred thereafter is thus stated in the amended bill of complaint:

"Said bank * * * on October 6, 1921, delivered the bonds received by it in exchange for bonds registered in the name of Louis Sumner Harriman to the state treasurer of the state of Kansas, together with other bonds of the par value of $23,000, not owned by this plaintiff, to secure deposits made in said bank by said state treasurer; that on the date of the appointment of said receiver of the aforesaid bank said state treasurer of the state of Kansas had on deposit in said bank the sum of $27,237.59, on which there had accrued interest due from said bank to said state treasurer in the sum of $723.86, making a total amount due from said bank to said state treasurer, on the date of the appointment of said receiver, in the sum of $27,961.45, and that the defendant receiver of said bank came into possession of, and retained and now has in his hands as receiver of said bank, said sum of $27,-237.59 on deposit in said bank as aforesaid to the credit of said state treasurer; that subsequent to the appointment of the receiver of and for said bank, and on or about November 10, 1924, said state treasurer of the state of Kansas, in order to recover and obtain the amount due him from said bank as aforesaid, and as provided by law, sold all of said bonds, which had been by said bank delivered to him as aforesaid to secure deposits made in said bank by said state treas-urer, including the bonds belonging to the plaintiff as aforesaid and above described, to the Fidelity National Bank & Trust Company of Kansas City, Mo., for the sum of $31,054.13, of which sum $7,245.24 represented the amount paid by said Fidelity National Bank & Trust Company for the said bonds belonging to this plaintiff; that said state treasurer out of the proceeds of the sale of said bonds satisfied his claim for $27,961.45, and paid and delivered the balance of said sum of $31,054.13 to the defendant receiver of the aforesaid bank; that, as appears from the foregoing, there came into the hands of the defendant receiver the said sum of $27,237.59, being the amount of the deposit of said state treasurer in said bank, and the sum of $3,092.68, being the balance remaining from the proceeds of the sale of said bonds after the satisfaction of the claim of the said state treasurer, and the assets and funds coming into the hands of said defendant receiver as aforesaid were augmented and enhanced to the extent of $7,245.24 by reason of the unlawful conversion of the bonds belonging to this plaintiff, as hereinabove set forth."

The relief sought by appellee is thus set forth in her bill:

"Wherefore plaintiff prays judgment against the Farmers' National Bank of Burlington, Kan., and against N. M. Dudley, as receiver of and for said bank, for the sum of $7,245.24, together with 6 per cent. interest thereon from October 6, 1921, and the costs of this action, and prays that all money, property, and assets which have or may hereafter come into the hands of the receiver as such be impressed with a trust in favor of this plaintiff, and that the plaintiff be paid by the receiver the full amount of such judgment, out of any assets of said bank, before defendant receiver makes any disposition thereof, or any payment to or among other creditors, and for such other and further relief as the plaintiff may be entitled to in the premises."

The appellants by their answer admitted the corporate existence of the Farmers' National Bank of Burlington, Kan., the appointment of the receiver as alleged in the complaint, appellee's title to the bonds in question, the receipt thereof from the Treasurer of the United States by appellant bank, and their hypothecation with other bonds to the state treasurer of the state of Kansas to secure deposits of state funds. It was further admitted that after the closing of the Farmers' National Bank the state treasurer sold all said bonds so delivered to him for

the purpose of liquidating his claim against the bank in the sum of $27,961.45; that said bonds sold for the sum of $31,054.13, leaving a balance over the indebtedness to the state of $3,092.68. Further answering, the receiver denied that there came into his hands, as the proceeds of appellee's bonds, the sum of $7,237.59, and that the funds which came into his hands were augmented by the proceeds of appellee's bonds in the sum of $7,237.59, or any other amount, by reason of the alleged unlawful conversion of the bonds belonging to appellee, or for any other reason. The answer denied that appellee is entitled to recover the sum of $7,-245.24 as a preferred claim against the assets of the bank in the hands of the receiver, but admitted that appellee was entitled to recover that sum as a general claim.

The court found for appellee in the sum of $8,535.26, and decreed that she should have a prior lien therefor against all money, property, and assets which had or might thereafter come into the hands of the receiver. This entry was made upon motion for judgment on the pleadings.

[1] The recovery was evidently sought and obtained upon the theory that a claimed sum may be recovered as a trust fund if it can be traced into the general balance of the assets over liabilities of an insolvent estate. In State Bank of Winfield v. Alva Security Bank et al., 232 F. 847, this court pronounced that theory an "exploded notion." It has been expressly and consistently repudiated in this circuit in a great number of cases.

"It is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific identified piece of property which came into the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver." Empire State Surety Co. v. Carroll County (C. C. A. 8) 194 F. 593; Beard v. Independent School District (C. C. A. 8) 88 F. 375; State Bank of Winfield v. Alva Security Bank (C. C. A. 8) 232 F. 847–849; National Bank of Burlington, Kansas, v. Flour Mill Co. (C. C. A. 8) 13 F.(2d) 330; Mechanics' & Metals Nat. Bank v. Buchanan (C. C. A.

8) 12 F.(2d) 891; Farmers' Nat. Bank of Burlington, Kansas, v. Pribble (C. C. A. 8), 15 F.(2d) 175. See, also, American Can Co. v. Williams (C. C.) 176 F. 816; Macy v. Roedenbeck (C. C. A.) 227 F. 347–356, L. R. A. 1916C, 12; Central Trust Co. v. Chicago, A. & N. Ry. Co. (D. C.) 232 F. 936–943; Titlow v. McCormick (C. C. A.) 236 F. 209; Zenor v. McFarlin (C C. A.) 238 F. 721–725; Scullin Steel Co. v. North-American Co. (C. C. A.) 255 F. 945–947.

It will be noted that no money, as the proceeds of these bonds, came into the hands of the bank prior to the receivership. It is true that the bonds themselves were received by the bank, and by it delivered to the state treasurer, as security for the general deposits made by that state officer; thus they were converted, but the funds of the bank were not thereby augmented. The theory of augmentation is apparently based upon the fact that the indebtedness of the bank to the state as its depositor was discharged by the proceeds of sale of these and other bonds delivered as security for such deposit. Upon this point, Judge Sanborn, speaking for this court in Farmers' National Bank v. Pribble, supra, says:

"The fact that the claimant's property paid or reduced the indebtedness or liability of the insolvent corporation, so that it will pay a larger percentage of its debts, justifies no lien on its assets by or preference in payment to the cestui que trust (1) because such a reduction of indebtedness does not increase the property or the value of the property of the insolvent; and (2) because the property of the claimant so used to pay a part of the insolvent's general indebtedness or liability never goes into, and therefore cannot be traced into, the property or assets of the insolvent which subsequently come into the possession of the receiver" (citing cases).

[2] It is conceded that the sum of $3,092.-68, as the balance of the proceeds of sale of these and other bonds, came into the hands of the receiver. It is assumed that these other bonds were the property of the bank, but, in the light of the transaction before us, this may not be so. It must necessarily be determined whether others than appellee are entitled to participate in this fund of $3,092.-68, which admittedly has come into the hands of the receiver. After this has been ascertained, this sum should be awarded pro rata to those to whom it rightfully belongs.

The decree below is reversed and the case remanded for further proceedings in accordance with this opinion.