## LIFSEY v. GOODYEAR TIRE & RUBBER CO., Inc.

### No. 3479.

Circuit Court of Appeals, Fourth Circuit.
Oct. 3, 1933.

Frank L. McKinney, of South Boston, Va. (M. B. Booker, of Halifax, Va., and McKinney & Settle, of South Boston, Va., on the brief), for appellant.

Marvin I. Walton and Benjamin P. Kushner, both of Danville, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a suit in equity instituted by the Goodyear Tire & Rubber Company against the receiver of the failed Planters' & Merchants' First National Bank of South Boston, Va., to establish a lien upon, or secure preferential payment from, assets in the hands of the receiver. The claim to lien or preferential payment was based upon the collection by the bank of a promissory note in the sum of $600 owned by plaintiff and forwarded to the bank for collection. From a decree in favor of plaintiff, the receiver has appealed.

The facts are that the note in the sum of $600 had been executed by the Crowell Motor Company of South Boston to the plaintiff, and was payable October 8, 1931. On September 25, 1931, the bank received the note for collection. On October 3d, the motor company gave the bank in payment of the note its check in the sum of $600 drawn against its deposit account in the bank, and the note was marked paid and surrendered to it. This transaction occurred shortly before the bank closed its doors for good, and no entry was made upon its books either charging the check against the account of the

drawer or crediting its proceeds to the forwarding bank. There is no question, however, but that it was the intention both of the motor company and of the bank that the check should constitute payment of the note.

At the time the check was given, the motor company had on deposit in the bank the sum of approximately $4,060. It was indebted to the bank at the same time in the sum of $9,000, for which the latter held as security collateral notes amounting to $2,590. The motor company was insolvent and the receiver has been unable to collect anything on its indebtedness except from these notes. Deposits were made in the bank by the motor company on October 1st and 2d, but these seem to have been made in ordinary course of business, and there is nothing to show that they were made to provide funds to meet the check given in payment of the note. There is no reason why they should have been made for this purpose, as the motor company had a balance to its credit much greater than necessary to cover the check.

Under these circumstances, we think it clear that the learned judge below was in error in thinking that the plaintiff had established lien upon or right to preferential payment from the assets in the hands of the receiver. We agree with him that, if the bank had collected anything on the note, it would have held same in trust for the person entitled. See Ellerbe v. Studebaker Corporation of America (C. C. A. 4th) 21 F.(2d) 993, 995 and cases there cited. But, as said in that case, the owner of a negotiable instrument collected by an insolvent bank is not entitled to have a trust declared on assets in the hands of its receiver, or to preferential payment therefrom, "unless he is able to trace the proceeds of the collection into the hands of the receiver, or to show that the assets which have come into his hands have been directly augmented as a result thereof."

In the recent case of Harmer v. Rendleman (C. C. A. 4th) 64 F.(2d) 422, 423, where a trust relationship was unquestionably shown, we held that a failure to trace the trust funds into the hands of the receiver, or to show augmentation of the funds in his hands as a result of the conversion by the bank of the trust funds, defeated all right to have a trust declared or a preference allowed. After adverting to the modern rule of tracing trust funds laid down in Knatchbull v. Hallett, 13 Ch. Div. 696, and Central Nat. Bank v. Conn. Mut. Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693, we stated what we understand to be the rule applicable in a case such as this, with citation of the supporting authorities, as follows: "But there is a limitation upon this modern rule as well settled as the rule itself, viz., that it is not sufficient to prove merely that the trust property has gone into the general estate and has presumably increased its amount and value. It is indispensable that clear proof be made that the trust property or its proceeds has gone into a specific fund, or into a specific identified piece of property, or has directly augmented a fund upon which the trust is to be declared. When it is sought to impress funds in the hands of a receiver with a trust on account of the wrongful conversion of trust property by an individual or corporation to whose rights he has succeeded, it must be shown that the funds in his hands have been directly augmented by the presence of the trust property or its proceeds, so that a court of equity can see with certainty that the trust property is in his hands. Peters v. Bain, 133 U. S. 670, 693, 694, 10 S. Ct. 354, 33 L. Ed. 696; First National Bank of Ventura v. Williams (D. C.) 15 F.(2d) 585; Marshburn v. Williams (D. C.) 15 F.(2d) 589; Smith Reduction Corporation v. Williams (D. C.) 15 F.(2d) 874; Schumacher v. Harriett (C. C. A. 4th) 52 F.(2d) 817, 818, 819, 82 A. L. R. 1; Ellerbe v. Studebaker Corporation of America (C. C. A. 4th) 21 F.(2d) 993; Frelinghuysen v. Nugent (C. C.) 36 F. 229, 239; City Bank of Hopkinsville v. Blackmore (C. C. A. 6th) 75 F. 771; Richardson v. New Orleans Debenture Redemption Co. (C. C. A. 5th) 102 F. 780, 52 L. R. A. 67; American Can Co. v. Williams (C. C. A. 2d) 178 F. 420; Empire State Surety Co. v. Carroll County (C. C. A. 8th) 194 F. 593, 604; Farmers' Nat. Bank v. Pribble (C. C. A. 8th) 15 F.(2d) 175, 176; Dudley v. Richards (C. C. A. 8th) 18 F.(2d) 876. And see exhaustive note in 82 A. L. R. 46, 52, 71, 73, and cases there cited."

The plaintiff has not met the test laid down by this rule. There was no augmentation of the assets of the bank as a result of the giving of the check, but a mere shifting of credits. This is not sufficient. Ellerbe v. Studebaker Corporation of America, supra (C. C. A.) 21 F.(2d) 993, at page 995 and cases there cited; Schumacher v. Brinson (C. C. A.) 52 F.(2d) 821, 823; Blakey v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 76 L. Ed. 1089, 82 A. L. R. 1288. As was well said by the Circuit Court of Appeals of the Eighth Circuit, speaking through Judge Lewis, in Larabee Flour Mills v. First Nat. Bank, 13 F.(2d) 330, 331: "The collecting banks act-

84

ed as agents, Commercial Nat. Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363, and had they collected and retained the funds called for by the drafts, as was their duty on account of insolvency, the equities of claimants would be plain; but instead of doing so they merely shifted credits on their books and records. No part of the funds in the banks when they failed was placed there by claimants or by any one for them. In each case the draft was paid by check on the insolvent. No additional funds were brought into the bank by either transaction."

Plaintiff endeavors to bring the case within the rule of augmentation laid down in the Ellerbe Case, but fails to do so. In that case two things appeared from which we thought that augmentation clearly resulted. In the first place, the transaction there under consideration amounted in substance to the deposit of checks on out of town banks to meet the draft held for collection, with the result that the assets of the bank were directly augmented as a result of the collection. There is, of course, nothing of the sort here. In the second place, the giving of the check in that case depleted the deposit account which might have been set off against the note of the drawer held by the bank. As the maker of that note was solvent, the giving of the check resulted not merely in decreasing the liabilities of the bank, but in augmenting the value of an asset which passed into the hands of the receiver. Here the maker of the note was insolvent, and the collateral deposited with the note lacked more than $2,000 of being sufficient to cover the balance due on it after crediting the entire deposit balance. It is clear, therefore, that the reduction of the deposit balance by $600 could not have augmented in any way the value of the note.

Plaintiff makes further contention that it is entitled to preferential payment because of the provisions of section 4149 (46) of the Virginia Code of 1930. We have examined that statute, however, and are satisfied that it has no application. Its effect is to give priority to claims based upon checks or drafts of an insolvent bank, given in payment of items drawn upon it or payable at its banking house, where such items are sent directly to it for collection. That statute creates no priority in the case of an insolvent bank which has accepted in payment of items held for collection the check of the person from whom collection has been made.

For the reasons stated, the decree appealed from will be reversed.

Reversed.