## LARABEE FLOUR MILLS CO. v. FIRST NAT. BANK OF DUBLIN, GA.

### No. 6521.

Circuit Court of Appeals, Fifth Circuit.

March 1, 1934.

C. C. Crockett, of Dublin, Ga., for appellant.

Kenneth I. McKay, of Tampa, Fla., and J. S. Adams, of Washington, D. C., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This suit arose out of the failure of the First National Bank of Dublin, Ga. The bank failed and a receiver was appointed on September 24, 1928. The Larabee Flour Mills Company filed a bill to have the amount of a draft which it sent to the bank for collection and remittance decreed to be held by the receiver in trust for it, and for general relief; and appeals from a decree denying in general terms the relief sought.

On August 11, 1928, appellant drew its draft on Street & Co. of Dublin for $1,455.27 to cover the purchase price of a carload of flour. The draft, bearing these printed instructions: "To collecting bank. This draft is a cash item and is not to be treated as a deposit. The funds obtained through its collection are to be accounted for to us and are not to be commingled with other funds of the collecting bank," was forwarded through a bank at Kansas City, Mo., to the Dublin bank "for collection and returns when paid." Street & Co. was a regular depositor and customer of the Dublin bank, and had sufficient funds to its credit with that bank to pay the draft. On September 20 the Dublin bank accepted Street & Co.'s check on itself for the amount of the draft as payment, charged that amount to the maker's deposit account, and issued its draft on the Federal Reserve Bank of Atlanta for the proceeds of the collection; but the draft was not paid because the Dublin bank failed before it was presented to the Federal Reserve Bank for payment. The Dublin bank at all times here material had more than enough cash in its vaults to pay appellant's draft, and more than that amount of money came into the hands of the receiver upon his taking charge of its assets.

We notice only to reject a contention that Street & Co. on September 20 deposited in the Dublin bank checks drawn on other banks

for the purpose of providing a special fund to meet its check given on that day to take up appellant's draft, because it appears that in making those deposits Street & Co. used the customary form of deposit slip, and, "in accordance with its instructions, the deposit was credited by the bank in the usual manner." After those deposits, "as before, the bank remained a debtor" and Street & Co. "a creditor for the amount of the credit balance." Blakey v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 517, 76 L. Ed. 1089, 82 A. L. R. 1288.

Appellant further contends that the Dublin bank held the proceeds of its draft in trust for it, either as agent, irrespective of the special instructions indorsed on the draft, or as trustee having no right under those instructions to mingle such proceeds with the bank's general funds; and that this trust fund has been sufficiently traced into the hands of the receiver, inasmuch as the bank's deposits after the collection and before receivership continuously exceeded the amount of appellant's draft.

This case is not distinguishable in principle from that of Early & Daniel Co. v. Pearson, 36 F.(2d) 732, in which this court upon facts quite similar rejected the theory of a trust fund, and held the drawer of a draft to be a general creditor. The result must be the same in this case, although we reject appellee's contention that the Dublin bank was at most appellant's agent to make collection, and immediately after collection became its debtor, and agree with appellant that the bank should be treated as its agent or trustee as well after as before collection and until final payment in money. It remains true under either view that appellant's draft was not in fact collected in money; there was no money segregated or set apart by the Dublin bank for its payment. There was therefore no identifiable money or thing to which a trust could attach. Wisdom v. Keen, 69 F.(2d) 349 (C. C. A. 5, present term); First National Bank of St. Petersburg v. City of Miami (C. C. A.) 69 F.(2d) 346, this day decided.

Appellant's bill contained a prayer for general relief, and of course it is at least entitled to share as a common creditor in the assets in the receiver's hands; but the decree denied any relief. The decree is so modified as to provide that appellant be treated as a general creditor of the Dublin bank and its receiver. As so modified, the decree is affirmed.