OLD COMPANY'S LEHIGH, Inc., v.
MEEKER et al.

No. 438.

Circuit Court of Appeals, Second Circuit.
June 4, 1934.

Lynch, Cahn & Weed, of White Plains, N. Y. (Monroe J. Cahn, of White Plains, N. Y., and Alfred S. Schechter, of White Plains, N. Y., of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The bill having been dismissed upon motion, equivalent to a demurrer, the facts must be accepted as alleged. The plaintiff, a New Jersey corporation, was the owner of a promissory note for $3,000 made by R. G. Brewer, Inc., a New York corporation, to the order of the plaintiff, and payable on January 16, 1933, at the office of the First National Bank of Mamaroneck, a corporation organized under the national banking laws. On January 12, 1933, the plaintiff deposited this note for collection with a bank in Philadelphia, which forwarded it through the Chase National Bank and the Federal Reserve Bank of New York to the said Mamaroneck bank for collection. The latter, on January 14, 1933, accepted the check of R. G. Brewer, Inc., for $3,015, drawn upon its general deposit with said Mamaroneck bank, and delivered the note to its maker. January 14th was a Saturday, and on the following Monday, the 16th, the Mamaroneck bank did not resume business because of insolvency. In due course the defendant Meeker was appointed its receiver by the Comptroller of the Currency. Subsequently, the plaintiff filed with him a preferred claim for the sum of $3,015, which he rejected. The foregoing facts are alleged in the first count of the plaintiff's amended bill of complaint.

The second count repeats the allegations of the first and adds the following: The Mamaroneck bank was insolvent on January 14th, and Mr. Brewer, who acted for the maker of the note and was also a director and managing officer of the bank, was well aware of its insolvency and imminent receivership. In delivering the note to the maker before its maturity and in accepting the maker's check in payment, the bank exceeded its authority as agent for collection. It is charged that in so acting it was carrying out a conspiracy with R. G. Brewer, Inc., to discharge the latter's liability on its note and to defraud the plaintiff. When the bank accepted the check, R. G. Brewer, Inc., had on deposit with the bank ample funds to cover the amount thereof, and by acceptance of the check the sum of $3,015 was immediately charged against the account of R. G. Brewer, Inc., and became a special trust fund in the possession of

Israel H. Mandel, of Brooklyn, N. Y., for appellant.

the bank to be remitted to the plaintiff, but it was not remitted.

The third count reiterates the allegations of the first and second and alleges further that the said check was accepted on January 14th after banking hours and was not charged by the bank against the deposit account of R. G. Brewer, Inc., that the receiver has possession of the check which has not yet been discharged or canceled, and that the plaintiff has demanded that the bank and its receiver assign and deliver the check to the plaintiff, but they have refused to do so.

The bill prays that the receiver be directed to pay the plaintiff's claim for $3,015 in priority to claims of general creditors, or, in the alternative, that the bank and the receiver be ordered to assign and deliver the said check to the plaintiff.

When the Mamaroneck bank received the note for collection, it held it as the plaintiff's agent. This is provided by section 350-a of the New York Negotiable Instruments Law (article 19-A, Negotiable Instruments Law [Consol. Laws, c. 38]), which governs the relations of the parties in the absence of allegations that they contracted on a different basis. See Federal Reserve Bank v. Malloy, 264 U. S. 160, 164, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261; Dakin v. Bayly, 290 U. S. 143, 147, 54 S. Ct. 113, 78 L. Ed. 229, 90 A. L. R. 999. Hence whatever the bank collected upon the note was held in trust for the plaintiff as the latter's agent, and, if traced into the hands of the receiver, might be reclaimed. See Davis v. Elmira Savings Bank, 161 U. S. 275, 289, 16 S. Ct. 502, 40 L. Ed. 700; Commercial Bank v. Armstrong, 148 U. S. 50, 57, 13 S. Ct. 533, 37 L. Ed. 363; Evansville Bank v. German-Am. Nat. Bank, 155 U. S. 556, 562, 15 S. Ct. 221, 39 L. Ed. 259; Massey v. Fisher, 62 F. 958 (C. C. E. D. Pa.); Ellerbe v. Studebaker Corp., 21 F. (2d) 993, 994 (C. C. A. 4); Turner, "Bank Collections—The Direct Routing Practice," 39 Yale L. J. 468. The difficulty is to trace into the hands of the receiver any identifiable sum of money held on trust when the bank closed its doors. The plaintiff argues that the bank's acceptance of the check of R. G. Brewer, Inc., should be considered the same as though cash had been handed over the counter, and the amount of the check, by which the bank's liability to its depositor was pro tanto extinguished, should be treated as a special deposit commingled with its general funds and charging them with an equitable lien in favor of the plaintiff. While this view is not without support in state decisions (see 82 A. L. R. 97), it does not prevail in the federal courts. American Can Co. v. Williams, 178 F. 420 (C. C. A. 2); Larabee Flour Mills v. First Nat. Bank, 13 F.(2d) 330 (C. C. A. 8); Ellerbe v. Studebaker Corp., 21 F.(2d) 993, 995 (C. C. A. 4); Allied Mills v. Horton, 65 F.(2d) 708, 90 A. L. R. 1 (C. C. A. 7); First Nat. Bank v. City of Miami, 69 F.(2d) 346 (C. C. A. 5); Wisdom v. Keen, 69 F.(2d) 349 (C. C. A. 5); Blakey v. Brinson, 286 U. S. 254, at page 263, 52 S. Ct. 516, 518, 76 L. Ed. 1089, 82 A. L. R. 1288, where the opinion of Mr. Justice Stone says:

"The cancellation of the credit balance by the debit neither suggests any intention to establish a trust nor points to any identifiable thing which could be the subject of it."

It is true that the state statute (section 350-l, subd. 2, art. 19-A, Negotiable Instruments Law) expressly grants a preference under the circumstances at bar upon the insolvency of the drawee or payor bank, but state legislation is unavailing if contrary to the act of Congress (12 USCA § 194) as construed by the federal courts. On the authorities above mentioned and many others which might be cited, we think it is. Compare Royal Mfg. Co. v. Spradlin, 6 F. Supp. 98, 102 (D. C. M. D. N. C.); U. S. Fidelity & Guaranty Co. v. Nat. Bank of Am., 4 F. Supp. 569 (D. C. N. D. Ind.). Consequently the District Court's decision that neither of the first two counts of the bill of complaint states a cause of action must be affirmed.

It is otherwise as to the third count. This alleges that the check received in exchange for delivery of the note to its maker was received after banking hours on January 14th, was never discharged or canceled, and came into possession of the receiver. It is true that these allegations contradict the allegation incorporated by reference from count 2 that by acceptance of the check the sum of $3,015 was immediately charged against the account of R. G. Brewer, Inc. This might necessitate an amendment to strike out the contradictory allegation, but would not justify final dismissal if the other allegations are sufficient. Plainly the intent was to frame a count on the theory that the check was not charged against the maker's account and remains unpaid. As already stated, whatever the bank received in exchange for the plaintiff's note it held on the same terms as the note itself; that is, as agent for the plaintiff. The check is not only an order on the drawee bank to pay the payee itself, but is also a bill of exchange (section 321, Negotiable Instruments Law) and an engagement by the drawer to pay the amount thereof to the payee if the bill is dishonored

(section 111, Negotiable Instruments Law). That obligation of the drawer the bank held in trust for the plaintiff in lieu of the note. If, as alleged, the check was delivered after banking hours and was never charged against its account, the drawer's obligation to pay the bank still exists and is still held in trust for the plaintiff. The trustee refuses to enforce it for the plaintiff's benefit, and we see no reason why the recalcitrant trustee should not be required to make it available for direct enforcement by the plaintiff itself. If the plaintiff can prove the facts alleged, we think it is entitled to a decree directing the receiver to assign (without recourse) and deliver the check according to the alternative prayer for relief. Accordingly it was error to dismiss the third count of the bill as against the receiver. To this extent the decree is reversed.