**ELLIOTT et al. v. ATTAWAY et al.**

**KRUPNICK v. PEOPLE'S STATE BANK OF SOUTH CAROLINA et al.**

**No. 3711.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1934.

E. W. Mullins and W. M. Shand, both of Columbia, S. C. (Nelson & Mullins and Benet, Shand & McGowan, all of Columbia, S. C., on the brief), for appellants.

J. M. Cantey, Jr., and D. W. Robinson, Jr., both of Columbia, S. C. (Robinson & Robinson and Benj. D. Hodges, all of Columbia, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by the receivers of the failed People's State Bank of South Carolina from a decree adjudging the claim of the creditors' committee of the Mann Electric Supply Company to be a preferred claim and entitled to payment from assets in the hands of the receivers ahead of the claims of general creditors. The learned judge below was of opinion that in handling funds for the creditors' committee the bank was acting in a fiduciary capacity; that a trust existed with respect to moneys deposited by that committee; and that these moneys had been traced into the hands of the receivers under the principles of tracing approved by this court in Schumacher v. Harriett, 52 F.(2d) 817, 82 A. L. R. 1.

There is no dispute whatever about the facts, which may be briefly stated. In July, 1931, the Mann Electric Supply Company assigned its assets to a creditors' committee, which entered into an agreement with the bank to act as its disbursing agent. A special account was opened with the bank in which all collections made by the committee were deposited in its name and to its credit. It was at first provided that dividends to creditors should be paid by cashier's checks issued by the bank; but this was subsequently changed and dividends were paid by means of checks drawn in the name of the creditors' committee and signed by two of its members. In this way two 10 per cent. dividends were paid. On December 1st sufficient funds were in bank to pay a 5 per cent. dividend, and same was properly ordered paid; but the secretary of the committee, who was also an official of the bank, failed to draw the dividend checks until December 31, 1931. As the bank did not open after that day, these checks were not paid. Claim was filed by the creditors' committee for the amount on deposit at the time of the closing of the bank,

and this was allowed as a preferred claim on the theory that the deposit was held by the bank as a trust fund.

We think that the case is clearly governed by our decisions in Santee Timber Corporation v. Elliott, 70 F.(2d) 179, 181, and Swan v. Children's Home Society, 67 F.(2d) 84, where the controlling authorities are collected and analyzed. There was nothing to show that it was ever contemplated by the creditors' committee, or by the bank, that the deposits were to be set apart as trust funds and handled and invested as such. On the contrary, what was clearly contemplated was a general deposit providing a credit balance from which the dividends to creditors were to be paid. It is true that the credit balance created by the deposits of the creditors' committee was subject to a trust in favor of the creditors, which a court of equity would have enforced if there had been any attempt to divert the credit balance to another purpose; but, as pointed out in the Santee Timber Corporation Case, "To say that a trust exists with respect to a debt created by a deposit made pursuant to an agreement of parties does not mean that the bank takes the funds deposited as trustee and is charged with the duty of keeping them separate from its other funds and investing them as trust funds intrusted to its keeping. Complainant confuses a trust with respect to the debt evidenced by a deposit account with a trust in funds held by a bank as trustee, which is an entirely different matter."

Nor did a trust ex maleficio arise upon failure to mail out the dividend checks in December in time for them to be paid before the failure of the bank. No fund was set aside or created as a result of such failure as to which a trust could be declared. See Swan v. Children's Home Society, supra (C. C. A.) 67 F.(2d) 84, 87. And, as we pointed out in the recent case of Edisto National Bank of Orangeburg v. Bryant, 72 F.(2d) 917, trusts are not declared in vacuo but must be predicated of particular property. There is no legal alchemy by which, as a result of a failure of the bank or its officers to perform some duty, an indebtedness of the bank evidenced by a general deposit may be transmuted into an asset in its hands which may be subjected to a trust in favor of the depositor.

There was error in holding that the claim of the creditors' committee was entitled to preference, and the decree appealed from will be reversed.

Reversed.