### STONEBRAKER v. FIRST NAT. BANK OF ARCADIA, et al.

#### No. 7524.

Circuit Court of Appeals, Fifth Circuit.

March 22, 1935.

———◆———

E. D. Treadwell, of Arcadia, Fla., for appellant.

D. C. McMullen, of Tampa, Fla., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was indebted to the First National Bank of Arcadia, Fla., for money borrowed, in the sum of $2,185, evidenced by his promissory note. On January 23, 1932, he went to the bank to take up his note and tendered a check for the proper amount. He was advised that his note had been discounted with the Chase National Bank but had been ordered returned and had not yet arrived. The check tendered had been issued on the Arcadia Bank to the order of appellant by the Arcadia Hardware Company, and there was sufficient funds on deposit to the credit of that company to pay it. Appellant had been a depositor in the Arcadia Bank, but his account had been all checked out. He deposited the check in the Arcadia Bank with the intention of using the deposit in paying his note when returned, and the bank agreed to this. However, the check was credited to him on his old account, was not set aside as a special deposit for the purpose intended, and no funds were segregated and dedicated to the payment of the note. Unfortunately, the Arcadia Bank closed two days later, before the note was returned and a receiver appointed. Later, appellant was compelled to pay his note to the Chase Bank with other funds. Appellant then brought this suit, seeking payment in full out of the assets of the Arcadia Bank in the hands of the receiver, by preference over general creditors of the bank. Judgment was entered denying preferential payment, but reserving to appellant the right to prove his claim as an ordinary creditor. This appeal followed.

It is clear that, while appellant intended to pay his note out of his deposit, and this was understood by the bank, the bank did not treat it as a special deposit, did not set aside any funds, and a trust was not created. The relationship established between the Arcadia Bank and appellant was merely that of debtor and creditor, creating no lien on the assets in the hands of the receiver. Appellant was not entitled to be paid by preference over other ordinary creditors. Wisdom v. Keen (C. C. A.) 69 F.(2d) 349; Larabee, etc., Co. v. First Nat. Bank of Dublin, Ga. (C. C. A.) 69 F.(2d) 351; First Nat. Bank of St. Petersburg v. City of Miami (C. C. A.) 69 F.(2d) 346; Blakey v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 76 L. Ed. 1089, 82 A. L. R. 1288; Jennings v. U. S. F. & G. Co., 55 S. Ct. 394, 79 L. Ed. ——, decided February 4, 1935.

Affirmed.