## O'NEAL v. WHITE.

### No. 3926.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1935.

J. O. Carr, of Wilmington, N. C., for appellant.

R. A. Nunn and W. B. R. Guion, both of New Bern, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a suit to declare assets in the hands of the receiver of a failed national bank subject to a trust, because of the sale by the bank of certain bonds which it held in trust for plaintiff. It is stipulated that the bank received in payment of the bonds checks drawn by two of its customers on their accounts with it; and there is no showing that its assets were augmented in this or in any other way as a result of the conversion and sale of the bonds. The checks of the customers of the bank received in payment of the bonds resulted in a mere shifting of credits on the books of the bank, and nothing more; and this is not an augmentation of the bank's assets. It is well settled that, in such case, a trust will not be declared with respect to the assets in the hands of the receiver. Spradlin v. Royal Mfg. Co. (C. C. A. 4th) 73 F.(2d) 776; Lifsey v. Goodyear Tire & Rubber Co. (C. C. A. 4th) 67 F.(2d) 82; Harmer v. Rendleman (C. C. A. 4th) 64 F.(2d) 422.

It is argued that, upon the principle that equity regards that as done which should have been done, it should be considered that the bank set aside cash in its vaults to the amount of the value of the bonds sold, and that the cash coming into the hands of the receiver should be charged with a trust ac-

cordingly. The answer to this is that no fund in cash was in fact set aside, and there was thus no fund in the possession of the bank as to which a trust could be predicated. In this aspect the case is ruled by the recent decision of this court in Edisto Nat. Bank of Orangeburg v. Bryant (C. C. A. 4th) 72 F.(2d) 917, 919. Before a trust will be declared on assets in the hands of a receiver of an insolvent bank, it must be shown that "trust property or its proceeds has gone into a specific fund, or into a specific identified piece of property, or has directly augmented a fund upon which the trust is to be declared." Harmer v. Rendleman, supra, 64 F.(2d) 422, 423, and cases there cited. See, also, Texas & P. R. Co. v. Pottorff, 291 U. S. 245, 261, 54 S. Ct. 416, 78 L. Ed. 777; Blakey v. Brinson, 286 U. S. 254, 263, 52 S. Ct. 516, 76 L. Ed. 1089, 82 A. L. R. 1288; Swan v. Children's Home Society of West Virginia (C. C. A. 4th) 67 F.(2d) 84, 87; Wisdom v. Keen (C. C. A. 5th) 69 F.(2d) 349, 350.

For the reasons stated, we think that there was error in the decree of the court below, and same is accordingly reversed.

Reversed.