## UNION PLANTERS NAT. BANK v. BIGGS.
### District Court, M. D. North Carolina.
#### April 9, 1937.

Hoyle & Hoyle, of Greensboro, N. C., for plaintiff.

Shuping & Hampton, of Greensboro, N. C., and Thomas L. Turner, Jr., of High Point, N. C., for defendant.

HAYES, District Judge.

This was a suit started in the state court to establish a trust fund and decree the claim of the plaintiff a preferred claim and have an order to compel the receiver to allow same as such and to pay it out of the funds in his hands. On motion of the defendant the cause was removed to this court and tried upon facts stipulated in the record, supplemented by testimony of the receiver.

The plaintiff had on general deposit at the Commercial National Bank the sum of $5,531.34 and, on the 7th day of January caused to be presented a check for payment in the sum of $3,000, but pay-ment was refused not only on this check but on all other general deposits because, by action of the directors, all the assets in the bank were frozen. The Comptroller of the Currency took charge of the bank on the 18th day of January, 1932, and appointed John D. Biggs as receiver. The bank had liabilities of $9,000,000 and had $52,840.08 in cash on January 7, 1932, which funds were turned over to John D. Biggs, receiver.

On April 26, 1932, the plaintiff filed with the defendant its proof of claim as a common claim in the sum of $5,531.34 which was allowed, and thereafter dividends were paid on said claim on May 29, 1932, 15 per cent., $829.70; February 24, 1934, 10 per cent., $553.13; November 7, 1934, 10 per cent., $553.13—making a total of $1,935.96.

On the 4th day of October, 1935, the plaintiff filed with the defendant an amendment to its proof of claim requesting that it be allowed a preference on that portion of its entire claim represented by the $3,000 check. The suit was commenced on the 14th day of January, 1936.

The plaintiff claims that the refusal of the bank to pay the $3,000 check on January 7th made it a wrongdoer, and that a trust ex maleficio arose, and that thereafter the bank held the $3,000 in money as a trustee for the benefit of the plaintiff, and that this sum actually passed on into the hands of the receiver.

Since the transaction did not augment the assets in the hands of the bank, it is impossible for the complainant to make good a claim to the funds in the hands of the receiver. The federal statute (12 U.S.C.A. § 194) dealing with insolvent national banks requires a ratable distribution of its assets among the creditors of the bank. Swan v. Children's Home Society of West Virginia, 67 F. (2d) 84, 88 (C.C.A.4); Texas & Pacific Railway v. Pottorff, 291 U.S. 245, 54 S. Ct. 416, 78 L.Ed. 777.

It is necessary for a claimant to a fund in the hands of a national bank receiver to establish three things if he can obtain preferential payment, namely, the creation of a trust relationship, augmentation of the funds coming into the hands of the receiver, and identification of the fund. Swan v. Children's Home Society of West Virginia, supra; Edisto Nation-

al Bank of Orangeburg v. Bryant (C.C. A.) 72 F.(2d) 917, 920; Spradlin v. Royal Mfg. Co. (C.C.A.) 73 F.(2d) 776; O'Neal v. White (C.C.A.) 79 F.(2d) 835.

A general deposit in a bank creates merely a debt on the part of the bank. The drawing of the check by the plaintiff and causing the same to be presented to the bank where payment was refused did not change this relationship. No fund was set apart for its payment and the refusal to pay was merely a breach of contract which did not change the character of the deposit and convert the plaintiff from a general creditor into a preferred creditor. Swan v. Children's Home Society of West Virginia, supra; Elliott v. Attaway (C.C.A.) 73 F.(2d) 918.

It is unnecessary to discuss the tracing of funds, although the plaintiff cannot overcome the law as stated in Edisto National Bank of Orangeburg v. Bryant, supra, and Wisdom v. Keen (C.C.A.) 69 F.(2d) 349, and Pottorff v. Key (C.C.A.) 67 F.(2d) 833, 835.

Nor is it necessary to dwell on the delay of the plaintiff in presenting its claim, for this circuit held in Standard Oil Co. v. Elliott (C.C.A.) 80 F.(2d) 158, that a delay of seven months was too great, and to the same effect in Poole v. Elliott (C. C.A.) 76 F.(2d) 772, 775, where the claim had not been filed for sixteen months.

For the reasons stated a decree will be entered dismissing the petition, with costs against the plaintiff.